UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDY M. STONE,

        Petitioner,                        3:08-cv-0172-RCJ-VPC

vs.                                           **ORDER**

JACK PALMER, *et al.*,

        Respondents.

_____/

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Randy Stone, a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On May 4, 2001, a criminal complaint was filed in Las Vegas Township Justice Court, charging petitioner with 18 counts of sexual assault with a minor under fourteen years of age. (Exhibit 1).[1] Petitioner initially waived his preliminary hearing on October 2, 2001, to enter an *Alford* plea to one count of attempted lewdness with a minor, conditioned on receiving a suspended sentence. (Exhibit 2). Petitioner entered his plea in state district court on November 1, 2001. (Exhibit 3). The district court ordered petitioner to undergo a psychosexual evaluation. (Exhibit 5).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 22.

Petitioner attended the evaluation and a presentence report was prepared. (Exhibit 6). Probation and Parole recommended a term of incarceration for petitioner, and the district court allowed petitioner to withdraw his plea on July 11, 2002. (Exhibit 7). On July 19, 2002, the district court remanded the case back to justice court (Exhibit 8) and appointed counsel to continue representation of petitioner. (Exhibit 9).

The justice court bound petitioner over to district court on February 3, 2003, on a criminal complaint containing 18 counts of sexual assault on a minor. (Exhibit 10). Petitioner appeared with counsel and entered his not guilty plea in district court on February 11, 2003. (Exhibit 11). The district court entered orders granting counsel's motions for an investigator and an expert witness to review medical documents and matters concerning the examination of the victim. (Exhibit 12). The district court also approved petitioner's request for an additional investigator. (Exhibit 13).

Petitioner's jury trial was held November 4-7, 2003. (Exhibit 14). The jury found petitioner guilty of counts 2, 4, 7, 8, 13, 14, and 16. (Exhibit 15). On November 14, 2003, petitioner filed a motion for acquittal, or in the alternative, motion for new trial. (Exhibit 16). The district court denied petitioner's motions on December 9, 2003. (Exhibit 17).

Petitioner was sentenced on January 22, 2004, to the following: a term of life, with parole eligibility after twenty years on each count, running count four consecutive to count two, and the remaining counts to run concurrent. (Exhibit 18). Petitioner filed a notice of appeal on January 29, 2004. (Exhibit 19). The district court appointed counsel to represent petitioner on appeal. (Exhibit 20).

Petitioner filed his opening brief on September 10, 2004. (Exhibit 21). On December 20, 2005, the Nevada Supreme Court filed an order affirming petitioner's conviction but remanding the matter to the district court to amend the judgment to reflect that petitioner was convicted upon a jury verdict. (Exhibit 24). Remittitur was issued on January 17, 2006. (Exhibit 25).

Petitioner filed a post-conviction habeas petition in state court on October 2, 2006. (Exhibit 26). Petitioner filed supplemental facts and a motion to correct the record after the State filed an answer. (Exhibit 28). On December 22, 2006, the district court denied the petition, filing findings of fact and conclusions of law. (Exhibit 29). The district court also denied petitioner's motion to correct the record. (*Id.*).

Petitioner filed a notice of appeal on January 5, 2007. (Exhibit 31). Petitioner filed a pro per opening brief (Exhibit 32) and supplemental pleading (Exhibit 33). Petitioner's motion for the appointment of counsel was denied. (Exhibit 35). In an order filed February 8, 2008, the Nevada Supreme Court affirmed the district court's denial of petitioner's state habeas petition. (Exhibit 36). Remittitur issued on April 4, 2008. (Exhibit 39).

On April 3, 2008, this Court received petitioner's federal habeas petition, which contains seven grounds for relief. (ECF No. 1). Respondents filed a motion to dismiss on September 22, 2008. (ECF No. 22). On December 11, 2008, petitioner filed a motion to stay requesting that he be allowed to exhaust his claims in state court. (ECF No. 30). By order filed June 18, 2009, the Court denied petitioner's motion for a stay. (ECF No. 43). In the same order, the Court granted in part and denied in part respondents' motion to dismiss. (*Id.*). This Court found that Grounds 1(a), 1(b), 1(c), 2(b), 2(c), 3(a), 3(b), and 3(c) were exhausted, as were Grounds 4 and 6. (*Id.*). The Court dismissed Ground 5 of the petition as procedurally barred. (*Id.*). Respondents were directed to file an answer substantively addressing the merits of Grounds 1(a), 1(b), 1(c), 2(b), 2(c), 3(a), 3(b), 3(c), Ground 4, and Ground 6. (*Id.*). Respondents filed their answer to the remaining grounds of the petition. (ECF No. 44). Petitioner filed a reply brief. (ECF No. 45).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

1  *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).  Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ground 1(a-c)**

        **1. Ground 1(a)**

In Ground 1(a), petitioner asserts a claim of actual innocence.  In its order affirming the denial of the state habeas petition, the Nevada Supreme Court rejected this petitioner's actual innocence claim, as follows:

> In his petition, Stone claimed that he was actual innocent.  On direct appeal, this court determined that sufficient evidence supported the jury's verdict. Although Stone asserted his innocence, he failed to identify any new evidence that would undermine the jury's verdict. [Footnote 2: See Calderon v. Thompson, 523 US. 538, 559 (1998) (holding that to demonstrate actual innocence a petitioner must show that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)))].

(Exhibit 36, at p. 2).  The Nevada Supreme Court cited the correct federal standard and found that sufficient evidence supported petitioner's conviction.  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief is denied as to Ground 1(a).

/ / / / / / / / / /

/ / / / / / / / / /

/ / / / / / / / / /

### 2. Ground 1(b)

In Ground 1(b), petitioner asserts that trial counsel was ineffective for failing to present the issue of the victim's motive to lie and actual innocence claims in a motion in limine or on a post-trial motion.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1,

5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the "deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

Petitioner asserts that trial counsel was ineffective for failing to present the issue of the victim's motive to lie and actual innocence claims in a motion in limine or on a post-trial motion. Petitioner fails to provide any evidence that his trial counsel's failure to raise these issues was deficient or that he was prejudiced by the alleged deficiency in trial counsel's conduct. In Nevada, a court may set aside a guilty verdict if "the evidence is insufficient to sustain the conviction." NRS 175.381(2). The Nevada Supreme Court found sufficient effective supported the jury's verdict. (Exhibit 24, at p. 4). In light of the finding of sufficient evidence by the Nevada Supreme Court, Petitioner cannot demonstrate prejudice from trial counsel's failure to add claims of actual innocence to the post-trial motion to acquit. The Nevada Supreme Court cited the correct federal standard and found that sufficient evidence supported petitioner's conviction. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied on Ground 1(b).

/ / / / / / / / / /

### 3. Ground 1(c)

In Ground 1(c), petitioner asserts that appellate counsel "did not allow me to even preview my direct appeal brief to approve of the issues where I might have mentioned it." Similar to Ground 1(b), petitioner alleges that the direct appeal should have contained claims of actual innocence and the failure to trial counsel to raise the victim's motive to lie. The *Strickland* standard applies to challenges of effective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Petitioner has not shown that counsel was ineffective for failing to raise the actual innocence claim and failing to raise the issue of the victim's motive to lie on direct appeal. The Nevada Supreme Court addresses claims of ineffective assistance of counsel presented first in a post-conviction proceeding, rather than on direct appeal, because then issues outside the record can be developed in an evidentiary hearing if necessary. *See Johnson v. State*, 117 Nev. 153, 160-61, 17 P.3d 1008, 1013 (2001); *Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006), *cert. denied*, 127 S.Ct. 3005 (2007). If the Nevada Supreme Court would not review the claim, petitioner was not prejudiced because of counsel's failure to raise such claims. This Court denies federal habeas relief as to Ground 1(c).

### B. Ground 2(b-c)

#### 1. Ground 2(b)

In Ground 2(b), petitioner asserts that trial counsel was ineffective for failing to investigate, failing to object in court, failing to allow petitioner to participate in his defense, failing to conduct proper research, and erroneous strategy. The Nevada Supreme Court addressed these claims in affirming the denial of the state habeas petition, as follows:

> Next, Stone claimed that his counsel was ineffective for failing to object to the introduction of bad act evidence and hearsay testimony he challenged on direct appeal. He asserted that had his counsel objected he would have not been convicted. He failed however to demonstrate that objections by his counsel would have altered the outcome of his trial. Moreover, when reviewing these claims on direct appeal, this

8

> court determined that he failed to show any prejudice to his substantive rights. Therefore, we conclude that he failed to demonstrate that his counsel was ineffective and the district court did not err by denying this claim. [Footnote 3: See Strickland v. Washington, 466 U.S. 668, 694 (1984) (holding that to succeed on a claim of ineffective assistance of counsel a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and prejudice such that counsel's errors were so severe that they rendered the jury's verdict unreliable); Warden v. Lyons, 100 Nev. 430, 432, 683 P.2d 504, 504 (1984)].

(Exhibit 36, at pp. 2-3). The Nevada Supreme Court cited the correct federal standard and found that sufficient evidence supported petitioner's conviction. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied on Ground 2(b).

**2. Ground 2(c)**

In Ground Two (c), petitioner asserts that appellate counsel was ineffective for failing to raise ineffective assistance of counsel issue on direct appeal. Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Petitioner has not shown that counsel was ineffective for failing to raise an ineffective assistance of counsel claim on direct appeal. The Nevada Supreme Court generally addresses claims of ineffective assistance of counsel presented first in a post-conviction proceeding, rather than on direct appeal, because then issues outside the record can be developed in an evidentiary hearing if necessary. *See Johnson v. State*, 117 Nev. 153, 160-61, 17 P.3d 1008, 1013 (2001); *Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006), *cert. denied*, 127 S.Ct. 3005 (2007). If the Nevada Supreme Court would not review the claim, petitioner was not prejudiced because of counsel's failure to raise such claims. This Court denies federal habeas relief as to Ground 2(c).

/ / / / / / / / / / /

9

**C. Ground 3(a-c)**

Petitioner claims violations of equal protection and due process because the trial court improperly: (a) admitted bad character evidence; (b) admitted inadmissible hearsay pertaining to the victim; (c) permitted intentional leading of the victim. The Nevada Supreme Court considered each claim and denied relief on direct appeal:

> Bad act evidence
> Stone argues that the district court abused its discretion by allowing testimony about other bad acts committed by Stone. The minor victim and other family members testified that Stone drank excessively and physically abused the children. Testimony from the victim's mother indicated that when the victim saw Stone in jail she appeared scared. The mother also testified that Stone was an alcoholic and did not want to work.
>
> Stone failed to object to this testimony at trial. Generally, unless the defendant objects at trial to the admission of evidence, he fails to preserve the issue for review. [Footnote 1: Gallego v. State, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001)]. We may, however, address plain error affecting the defendants' substantial rights. [Footnote 2: Id.].
>
> Our review of the record reveals no plain error. The victim's statements appeared in the juvenile hearing and the preliminary hearing transcripts that the jury received by stipulation. In addition, the testimony was of little focus during the trial. Instead, the focal point of the four-day trial as the victim's extensive testimony concerning the sexual assaults. Therefore, Stone's arguments lack merit.
>
> Hearsay
> A police officer and a CPS officer testified regarding statements the victim made to them. Stone argues these statements were inadmissible hearsay, duplicative and unfairly prejudicial. Stone failed to object to the hearsay at trial, thus we may only consider the issue to address plain or constitutional error affecting his substantial rights. [Footnote 3: Id.]. We conclude there was no plain error. [Footnote 4: See Dearing v. State, 100 Nev. 590, 691 P.2d 419 (1984)].
>
> Leading questions on re-direct examination
> Stone asserts the district court erred in allowing the State to ask the victim leading questions on re-direct. Stone argues that the victim's testimony was extremely inconsistent on cross-examination and that the State asked impermissibly leading questions on re-direct in an attempt to rehabilitate the witness.

> The decision on whether to allow leading questions on re-direct examination is within the discretion of the district court and usually not grounds for reversal. [Footnote 5: <u>Anderson v. Berrum</u>, 36 Nev. 463, 470, 136 P. 973, 976 (1913); see also <u>Leonard v. State</u>, 117 Nev. 53, 70, 17 P.3d 397, 408 (2001)]. Under NRS 50.115(1)(b), the court may control the mode of testimony in order to avoid wasting time. The statute is silent as to the propriety of leading questions on re-direct examination, thus leaving that determination to the discretion of the district court.
>
> The State sought to rehabilitate the victim on re-direct examination after aggressive cross-examination. The victim was fifteen years old at trial and testified regarding incidents that occurred when she was between nine to twelve years old. The State noted that the jury had the transcript to review, thus the leading questions saved time. The court agreed. The record reflects no abuse of discretion. Accordingly, Stone's argument lacks merit.

(Exhibit 24, at pp. 2-3).

Federal habeas review does not generally include questions regarding the admissibility of evidence or the application of state evidence rules. *Estelle v. McGuire*, 502 U.S. 62 (1991). However, federal courts can consider whether the evidence was so prejudicial that is admission violated fundamental due process and the right to a fair trial. *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998).

Regarding the bad character evidence, the Nevada Supreme Court's review was not an unreasonable application of federal law as determined by the United States Supreme Court. The Nevada Supreme Court cited its decision in *Gallego*, which refers to NRS 178.602 ("plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court). *Gallego* cites the United States Supreme Court decision *United States v. Olano*, 507 U.S. 725, 734-35 (1993), which discusses Federal Rule of Criminal Procedure 52(b), which is identical to NRS 178.602. Petitioner fails to demonstrate that the applicable legal standard was unreasonably applied to his case. Regarding the hearsay claims, the Court applied *Gallego* and petitioner fails to demonstrate the applicable legal standard was unreasonably applied to his case. Regarding the claim

of improper leading of the victim, petitioner fails to demonstrate a violation of fundamental fairness. *See Pike v. Dickson*, 323 F.2d 856, 860 (9th Cir. 1963).

This Court perceives no error at the state court level that was so prejudicial as to have violated petitioner's fundamental due process rights and the right to a fair trial. As to Grounds 3(a-c) of the federal petition, petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Grounds 3(a-c).

### D. Ground 4

Petitioner claims Fifth Amendment violations stemming from judicial and prosecutorial misconduct. Petitioner claims that the prosecutor received "signals" from the judge to interpose objections during cross-examination of the victim. The trial transcript contains no preservation of any such behavior between the prosecutor and the trial judge. (Exhibit 14). Petitioner's claim lacks any basis of fact and is denied.

### E. Ground 6

Petitioner asserts a violation of his right against self-incrimination. Petitioner contends that the psychologist performing his psychosexual evaluation found him a high risk. The psychological evaluation was ordered by the court pursuant to state law, following petitioner's guilty plea. Petitioner later withdrew his guilty plea and proceeded to trial. Petitioner has not shown how the psychological evaluation created an error in the trial proceedings. Ground Six is without merit and is denied.

## IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDER** that petitioner's motion for status (ECF No. 52) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 2nd day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE